## Commonwealth v. Stroh

*L. B. Lansberry*, for Commonwealth.

*Wood & Thomas*, for defendant.

WILLIAMS, J., June 8, 1950.—Defendant was prosecuted before a justice of the peace under section 1002(a) of The Vehicle Code of May 1, 1929, P. L. 905, as amended, which reads as follows:

"Any person driving a vehicle on a highway shall drive the same at a careful and prudent speed, not greater than nor less than is reasonable and proper, having due regard to the traffic, surface, and width of the highway, and of any other restrictions or condi-

tions then and there existing; and no person shall drive any vehicle, upon a highway at such speed as to endanger the life, limb, or property of any person, nor at a speed greater than will permit him to bring the vehicle to a stop within the assured clear distance ahead."

The information did not specify the speed at which defendant was alleged to have driven.

The hearing before a justice of the peace was waived and the matter was called before the court of quarter sessions at which time defendant made a motion to quash the information and dismiss proceedings on the ground that the information did not specify the speed at which defendant was alleged to have operated his automobile at the time of the alleged violation.

Section 1002(e) of The Vehicle Code provides as follows:

"In every information charging violation of this section, reference shall be made to this section and subsection alleged to have been violated, specifying the speed at which the defendant is alleged to have driven."

There have been two interpretations placed upon section 1002(e) by the lower courts in Pennsylvania. One line of decisions hold that the provision of subsection (e), as to setting forth speed in the information, does not apply to prosecutions brought under subsection (a). We are of the opinion, however, that the correct interpretation is that of Judge Wingerd in Commonwealth v. Fry, 65 D. & C. 551. Judge Wingerd ruled that the only section that section 1002(e) could possibly refer to is all of section 1002, including not only section 1002(b) but also 1002(a). The words used in section 1002(e) are not uncertain and ambiguous, and we cannot see how they can properly be interpreted to exclude section 1002(a) from their operation without ruling contrary to the expressed meaning of the words used.

In addition one who is charged with violating section 1002(a) should have the right to know at what speed he is alleged to have been going, inasmuch as the section is based upon "careful and prudent speed".

The reasons given for holding otherwise result in a finding that defendant has the burden of showing that he was going at a careful and prudent speed, that the prosecuting officers only have to show that there was a collision.

It has been argued that in many cases it would be practically impossible to allege the speed at which defendant was traveling. If there are such cases they could be prosecuted under section 1001(a) of The Vehicle Code, which has to do with reckless driving.

This defendant, prosecuted under 1002(a) of The Vehicle Code, was not informed of his violation as directed in section 1002(e). Therefore, defendant's motion to quash the information and dismiss the proceedings is granted.

And now, June 8, 1950, it is ordered and decreed that the information be quashed and proceedings dismissed, County of Lycoming to pay the costs.